IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHAD WILSON and MARTHA WILSON,** *Individually, and as next of friend for S.W.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:16-cv-00057-O |
| **CITY OF SOUTHLAKE and RANDY BAKER,** *Individually*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 60), filed December 26, 2017. Defendants responded on January 16, 2018. ECF No. 61. The motion is ripe for review. Having considered the motion, briefing, and applicable law, the Court finds that Plaintiffs' motion should be and is hereby **DENIED** for the reasons stated below.

**I.   BACKGROUND**

Plaintiffs brought this action against The City of Southlake (the "City") and former Southlake Police Officer Randy Baker ("Officer Baker") (collectively, "Defendants"), complaining of injuries that they allegedly suffered from a January 23, 2014 incident at Carroll Elementary School involving their eight-year-old son, S.W. Third Am. Compl. ¶¶ 18, 19, 25, 40, ECF No. 48. S.W. has autism, separation anxiety disorder, and oppositional defiant disorder. *Id.* at ¶ 34. During the incident, S.W. exhibited threatening and violent behavior toward school teachers and staff, as well as claimed to have a weapon. S.W.'s teacher called the School Resource Officer ("SRO") Unit to assist in attempting to calm S.W. Upon his arrival, S.W. screamed

obscenities and twirled homemade nun-chucks at Officer Baker. Defs.' Am. Mot., Ex. 1, ECF No. 26. Officer Baker handcuffed S.W., forced him to sit in a chair, and scolded him. *Id.* School staff called S.W.'s parents, who arrived at the school to see S.W. handcuffed in a chair, and then engaged in a verbal altercation with Officer Baker. *Id.* ¶¶ 46, 71–72, 75, 78. Plaintiffs subsequently filed suit under 42 U.S.C. § 1983 for alleged violations of S.W.'s constitutional rights, as well as Americans with Disabilities Act ("ADA") and Rehabilitation Act claims. The Court granted summary judgment for the Defendants on all Plaintiffs' claims. *See* Nov. 28, 2017 Order, ECF No. 58.

Plaintiffs now ask the Court to reconsider its findings regarding Plaintiffs' ADA and Rehabilitation Act claims. Pls.' Mot. Recon., ECF No. 60. Plaintiffs' argue that the Court erred in relying on the *Hainze* exception to the ADA and Rehabilitation Act's requirement that officers take into account the disability of a person before using force to subdue them. *Id.* at 2.

## II.    LEGAL STANDARDS

A motion to reconsider under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Further, a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479. "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 480 (S.D. Tex. 2012) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)); *see also Bank One, Tex., N.A. v. FDIC*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) (Fitzwater, J.) ("[A] 'manifest error' is an obvious mistake or departure from the truth.").

Additionally, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Berge v. GE Oil & Gas*, No. H-08-2931, 2011 WL 798204, at *3 (S.D. Tex. 2011) ("Importantly, a 'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and [movant] cannot have a second bite at the apple on the same issues that were previously addressed by the parties and this Court.'") (quoting *Alvarado v. Tex. Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. 2005)). Courts have significant discretion in deciding whether to grant a motion to reconsider, but the Fifth Circuit has cautioned that a Rule 59(e) motion is "an extraordinary remedy that should be used sparingly." *See Jones v. Stephens*, 998 F. Supp. 2d 529, 536 (N.D. Tex. 2014) (Means, J.) (citing *Templet*, 367 F.3d at 479); *see also Riddle v. DynCorp. Int'l Inc.*, 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) (Lindsay, J.) ("[T]he Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'") (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

### III. ANALYSIS

Plaintiffs argue in their motion for reconsideration that the Court erred when it concluded that the *Hainze* exception applied to Plaintiff's ADA and Rehabilitation Act claims. Pls.' Mot. Recon. 2, ECF No. 60; *see Hainze v. Richards*, 207 F.3d 795, 799–801 (5th Cir. 2000). Specifically, Plaintiffs argue that Officer Baker was not facing exigent circumstances when he handcuffed S.W., and without exigent circumstances, *Hainze* and its progeny do not apply to the facts of this case. *Id.* at 12. To support their argument, Plaintiffs engage in a lengthy analysis of each case cited by the Court in its Order granting summary judgment for Defendants on the ADA

and Rehabilitation Act claims. *See id.* at 12–20. Defendants argue that Plaintiffs' motion is an attempt to relitigate failed claims without presenting any new evidence or an intervening change in controlling law. Defs.' Resp. Pls.' Mot. Recon. 5–6, ECF No. 61. The Court agrees.

"Importantly, a 'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and [movant] cannot have a second bite at the apple on the same issues that were previously addressed by the parties and this Court." *Berge*, 2011 WL 798204, at *3. Instead, it is to present manifest errors, new evidence, or intervening changes in the law. The Court does not find a manifest error in its finding that the *Hainze* exception applied to Plaintiffs' claims based on the arguments and evidence presented at the summary judgment stage. "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d at 325 (citations omitted). The Court noted that the *Hainze* exception "should be applied narrowly" and then analyzed whether the facts of this case presented "a legitimate threat of imminent danger and call[ed] for th[e] sort of instantons decision-making" that Officer Baker engaged in before handcuffing S.W. *See* Nov. 28, 2017 Order 28, 29, ECF No. 58 (citing *Hainze*, 207 F.3d at 201; *Val Velzor v. City of Burleson*, 43 F. Supp. 3d 746, 759 (N.D. Tex. 2014)). The Court concluded that no dispute of fact existed, and that the *Hainze* exception to ADA and Rehabilitation Act liability applied to Officer Baker's actions. *Id.* at 29. Plaintiffs have not provided the Court with convincing evidence or argument as to how it committed manifest error.

Plaintiffs' motion includes eleven substantive pages rehashing arguments on the applicability of the *Hainze* exception that not only could have been raised in their response brief, but actually were. *See* Pls.' Resp. Defs.' Mot. Summ. J. 21–22, ECF No. 54. Because no new

arguments have been raised, and no new evidence has been brought to the Court's attention, the motion for reconsideration must be denied.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion for Reconsideration (ECF No. 60) should be and is hereby **DENIED.**

**SO ORDERED** this **22nd day** of **February, 2018.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**